1  Gary Jay Kaufman, Esq.   (State Bar No. 92759)
   gary@kaufmanlawgroupla.com
2  Colin Hardacre, Esq.     (State Bar No. 250915)
   colin@kaufmanlawgroupla.com
3  THE KAUFMAN LAW GROUP
4  1901 Avenue of the Stars, Suite 1010
   Los Angeles, California 90067
5  Telephone:  (310) 286-2202
   Facsimile:  (310) 712-0023
6
7  Attorneys for Plaintiff,
   Deniro Marketing LLC
8

FILED
2012 SE. 25 P 3: 26
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

JSC

9              UNITED STATES DISTRICT COURT
10             NORTHERN DISTRICT OF CALIFORNIA

11
12  DENIRO MARKETING LLC, a California    Case No. C 12   4993
    limited liability company,
13
                   Plaintiff,             **COMPLAINT FOR DECLARATORY**
14       v.                               **JUDGMENT**
15
    JAMIE CARPER, an individual and DOES 1-
16  10, inclusive,
17                 Defendants.

Complaint for Declaratory Judgment

Deniro Marketing LLC ("Deniro") by and through its counsel, The Kaufman Law Group, alleges and avers the following for its complaint against Jamie Carper ("Carper") as follows:

## I. INTRODUCTION

Carper wants to get rich because he received email advertisements. Carper has not been tricked. He has not relied on any statements to his detriment. He has not been damaged in any way. Yet, Carper has demanded that Deniro pay him hundreds of thousands of dollars. The purported basis for Carper's demand is that he has received, and continues to receive, advertising emails from Deniro and its affiliates that do not comply with California state law or federal law.

However, Carper has no standing to make claims under federal law, specifically the CAN-SPAM Act of 2003, 15 U.S.C. § 7701, *et seq.* ("CAN-SPAM"), and CAN-SPAM also preempts his state law claims. Furthermore, even if Carper's claims are not preempted, Deniro contends that it has not sent or advertised in, and does not send or advertise in, email that violates state law or federal law. Therefore, Deniro asks this Court for a declaratory judgment that Carper does not have standing to assert claims under CAN-SPAM, that his state law claims are preempted by CAN-SPAM and that the emails he claims to have received do not violate state law or federal law.

## II. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367 and 28 U.S.C. § 2201. Deniro seeks a declaration from this Court that Carper has no standing to bring claims under CAN-SPAM, that his state law claims are preempted by CAN-SPAM and that the emails that form the basis for Carper's alleged claims against Deniro do not violate state law or federal law.

**A.     Parties**

2. Deniro is a California limited liability company, with its principal place of business in Stockton, California.

3. Deniro is informed and believes that Carper is an individual residing in California and within this judicial district.

/ / /

Complaint for Declaratory Judgment - 1

4. Defendants DOES 1 through 10 are sued herein by their fictitious names for the reason that their true names are unknown. Deniro will seek leave to amend this complaint to allege such true names when the same are ascertained. Deniro is informed and believes that these fictitiously named defendants are responsible as agents, principals, alter egos, co-conspirators or otherwise for the acts alleged herein.

**B.  Intradistrict Assignment**

5. Assignment of this matter to the San Francisco or Oakland division is proper in that Deniro is informed and believes that Carper resides in San Francisco County.

### III. FACTS

6. Carper is an opportunistic spam plaintiff. Deniro is informed and believes that Carper has set up multiple personal email addresses solely for the purposes of receiving spam email. These email addresses generally consist of Mr. Carper's full name and a series of three random numbers.

7. Carper is not an Internet Service Provider (ISP) and does not otherwise have standing to make claims under CAN-SPAM.

8. In or about August 2012, Carper, through his attorney, claimed that he received 309 emails advertising Deniro's services and that those emails contained misrepresented information in the headers and that the subject lines were also misleading (the "Subject Emails"). Deniro is informed and believes that Carper has made similar claims against other companies for receipt of advertising emails, through this same attorney.

9. Carper does not allege that he relied on any statements in the Subject Emails, nor does he allege that he was misled or suffered any damages as a result of the Subject Emails.

10. Yet, Carper's letter demanded that Deniro pay him $232,000 under threat of litigation where Carper would seek statutory damages of $1,000 per email received.

11. Carper has since claimed receipt of additional spam emails and has maintained his position that the Subject Emails, and the additional emails, violate state law and federal law. Carper has also continued to demand that Deniro pay him $232,000.

///

///

12. CAN-SPAM expressly preempts all state laws related to spam e-mail, except to the extent that state law "prohibits falsity or deception in any portion of a commercial electronic mail message or information attached thereto." 15 U.S.C. § 7707(b)(1).

13. As this Court recently recognized in dismissing substantially similar claims in *Davison Design & Development, Inc., et al. v. Cathy Riley, et al.*, Northern District Case No. C 11-2970 PJH:

> the Ninth Circuit considered the scope of this preemption exception in *Gordon v. Virtumundo*, 575 F.3d 1040 (9th Cir. 2009). In *Gordon*, the Ninth Circuit held that "the express language of § 7707 demonstrated that Congress' intent that the CAN-SPAM Act broadly preempt state regulation of commercial email with limited, narrow exception,' and further held that "the exception language read as Congress intended, refers to 'traditionally tortious or wrongful conduct.'" *Id.* at 1061-62. (*See* ORDER DENYING MOTION TO STRIKE AND GRANTING MOTION TO DISMISS, attached hereto as Exhibit A).

14. Carper's claims against Deniro do not sound in tort. Thus, consistent with the Ninth Circuit's holding, all of Carpers claims against Deniro are preempted by CAN-SPAM.

15. Furthermore, even if Carper's claims were not preempted by CAN-SPAM, the Subject Emails do not violate state law or federal law.

## FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT
### (Against all Defendants)

16. Deniro hereby incorporates paragraphs 1 through 15 as if fully set forth herein.

17. An actual controversy has arisen and now exists between Deniro and Carper concerning their respective rights and duties, in that Carper contends that Deniro is liable for violations of state and/or law or federal law and Deniro disputes that allegation and contends that:

   a. The Subject Emails do not violate California state law, including without limitation, Cal. Bus. & Prof. Code §17529.5;

   b. The Subject Emails do not violate federal law;

   c. Carper's claims do not sound in tort as Carper did not rely to his detriment on any statements contained within the Subject Emails and has not suffered any damages;

///

Complaint for Declaratory Judgment - 3

      d.    Carper's claims are preempted by CAN-SPAM; and

      e.    Carper has no standing to pursue relief under CAN-SPAM.

18.    Deniro desires a judicial determination of its rights and duties, and a declaration reflecting paragraphs a-e above.

19.    A judicial declaration is necessary and appropriate at this time under the circumstances.

## IV. RELIEF REQUESTED

WHEREFORE, Deniro requests that the Court enter a declaratory judgment against Defendants as follows:

1. That Carper's claims are preempted by CAN-SPAM;
2. That Carper has no standing to pursue his claims under either state law or federal law;
3. That Deniro has not violated California state law or federal law;
4. That the Court award Deniro its costs and attorneys' fees; and
5. That the Court grant Deniro such other and further relief as the Court deems just and proper.

DATED: September 24, 2012

THE KAUFMAN LAW GROUP

By: _____
Gary Jay Kaufman
Attorneys for Plaintiff
Deniro Marketing LLC

# EXHIBIT A

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVISON DESIGN & DEVELOPMENT INC., et al.,

    Plaintiff(s),

    v.

CATHY RILEY, et al.,

    Defendant(s).

No. C 11-2970 PJH

**ORDER DENYING MOTION TO STRIKE AND GRANTING MOTION TO DISMISS**

Counter-claimant Cathy Riley's motion to strike counter-defendant Spark Networks USA, LLC's first amended answer came on for hearing on September 12, 2012. Counter-claimant Cathy Riley ("Riley") appeared through her counsel, Daniel Balsam. Counter-defendant Spark Networks USA, LLC ("Spark Networks") appeared through its counsel, Victor Fu. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES Riley's motion, for the reasons stated at the hearing and as follows:

An affirmative defense can be struck if it does not provide the adverse party with "fair notice" of the nature of the defense. Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979). "Where an affirmative defense simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case, it is insufficient and will not withstand a motion to strike." Solis v. Zenith Capital, LLC, 2009 WL 1324051 *2 (N.D. Cal. May 8, 2009). However, in this case, Spark Networks does allege sufficient facts to provide Riley with the required "fair notice." Even under the heightened pleading standards articulated in Bell Atlantic v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S.

662 (2009), Spark Network's affirmative defenses are sufficient. Thus, Riley's motion to strike is DENIED.

Also on for hearing was a motion to dismiss Riley's second amended counter-claims, filed by counter-defendants Caivis Acquisition Corp. II, Caivis Acquisition Corp. III, Digital Publishing Corp., XL Marketing Corp., Spire Vision LLC, Spire Vision Holdings, Proadvertisers LLC, Prime Advertisers LLC, MediActivate LLC, Serve Clicks LLC, Connection Centrals, SilverInteractive, Opportunity Central, Davison Design & Development Inc, and Ward Media Inc. (together, the "moving counter-defendants"). Counter-defendants GMB Direct, Inc. and Spark Networks also join in the moving counter-defendants' motion to dismiss. The moving counter-defendants appeared through their counsel, Leeor Neta. Riley appeared through her counsel, Daniel Balsam. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the moving counter-defendants' motion to dismiss, for the reasons stated at the hearing and as follows:

The moving counter-defendants note that the federal CAN-SPAM Act expressly preempts all state laws related to spam e-mail, except to the extent that a state law "prohibits falsity or deception in any portion of a commercial electronic mail message or information attached thereto." 15 U.S.C. § 7707(b)(1). The Ninth Circuit considered the scope of this preemption exception in Gordon v. Virtumundo, 575 F.3d 1040 (9th Cir. 2009). In Gordon, the Ninth Circuit held that "the express language of § 7707 demonstrated Congress's intent that the CAN-SPAM Act broadly preempt state regulation of commercial e-mail with limited, narrow exception," and further held that "the exception language, read as Congress intended, refers to 'traditionally tortious or wrongful conduct.'" Id. at 1061-62. Thus, consistent with the Ninth Circuit's holding, the court finds that Riley's counter-claims do not sound in tort, and thus are preempted by the federal CAN-SPAM Act. Accordingly, Riley's counter-claims are DISMISSED with prejudice.

2

**IT IS SO ORDERED.**

Dated: September 13, 2012

PHYLLIS J. HAMILTON
United States District Judge